IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JOSE MARTE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 314-034 |
| ) | |
| GENERAL COUNSEL, Federal Bureau ) | |
| of Prisons, and STACEY STONE, Warden, ) | |
| CCA McRae Correctional Facility, ) | |
| ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility in McRae, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241.[1] (Doc. no. 1.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the General Counsel of the Federal Bureau of Prisons be **DISMISSED** from this case, the petition be **DISMISSED**, and this civil action be **CLOSED**.[2]

---

[1] Petitioner filed an identical petition in the United States District Court for the District of New Jersey, which was subsequently transferred to this District. See Marte v. General Counsel Federal Bureau of Prisons, CV 314-055, doc. nos. 5, 6, (S.D. Ga. June 17, 2014). In a simultaneously issued Report and Recommendation, that petition is also being dismissed for the same reasons enumerated herein.

[2] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing any respondent to file a response to the instant petition. 28 U.S.C. § 2243.

## I. BACKGROUND

Petitioner, who is a citizen of the Dominican Republic, has a pending detainer with the Bureau of Immigration and Customs Enforcement ("ICE") for deportation to the Dominican Republic. (Doc. no. 1, p. 8.) Petitioner does not provide any information about his federal sentence, nor does he challenge it, but he appears to be imprisoned on drug charges. See United States of America v. Marte, No. 2:12-cr-00667-SDW-1, doc. no. 22 (D.N.J. Jan. 24, 2013); Marte v. United States of America, No. 2:13-cv-07259-SDW, doc. no. 1 (D.N.J. Dec. 2, 2013). Petitioner is not due to be released from his federal sentence until December 19, 2014. See http://www.bop.gov/inmateloc/ (search number "63879-050") (last visited June 25, 2014).

Petitioner filed the instant federal habeas petition challenging the security classification the Bureau of Prison ("BOP") placed on him by assigning him a Public Safety Factor ("PSF") of "Deportable Alien." (Id. at 2, 23.) According to Petitioner, his security classification is improper because "no finding of deportability has been made by BOP or ICE." (Id. at 23.) Petitioner argues that BOP placed him at McRae Correctional Facility, more than 900 miles from his family who lives in New Jersey, because of this security classification. (Id.) Additionally, the security classification has deprived him of eligibility for certain "benefits" such as access to the Residential Drug and Alcohol Program or placement in a halfway house during the last six months of his incarceration. (Id.) Petitioner asks the Court to "order the BOP and [the Corrections Corporation of America] to remove the PSF" and transfer him to a federal prison in New Jersey. (Id.)

2

## II. DISCUSSION

### A. The General Counsel of the Federal Bureau of Prisons Should Be Dismissed.

Petitioner named the General Counsel of the Federal Bureau of Prisons as a Respondent in this case. However, the only proper Respondent is Stacey Stone because he is Petitioner's custodian as Warden at McRae Correctional Facility. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ."); Wacker v. Bisson, 348 F.2d 602, 605 (5th Cir. 1965). Therefore, the General Counsel of the Federal Bureau of Prisons should be dismissed from this case.

### B. Petitioner Fails to Allege Grounds on which § 2241 Relief May be Granted Because His Security Classification Does Not Have Any Effect on the Duration of His Confinement.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which provides for relief only if the prisoner is "in custody in violation of the Constitution or the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition for habeas corpus can only be used to challenge the fact or duration of a prisoner's confinement, not the conditions of confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); Cook v. Hanberry, 592 F.2d 248, 249 (5th Cir. 1979) (holding that the sole function of habeas corpus "is to provide relief from unlawful imprisonment or custody, and it cannot be used

for any other purpose"), *revised by* 596 F.2d 658 (5th Cir. 1979).[3]

Here, Petitioner's allegations of an incorrect security classification challenge the conditions of confinement, rather than the fact or duration of confinement. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (describing "prisoner classification" as one of the "conditions of confinement" that fall within the discretionary control of federal prison officials). Petitioner fails to show that his security classification has any effect on the duration of his confinement, nor does he seek relief with respect to the duration of his confinement. See Preiser, 411 U.S. at 484; Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997) (holding that habeas relief is improper "[i]f a favorable determination would not automatically entitle [the prisoner] to accelerated release").

Also insufficient are Petitioner's arguments that his security classification disqualifies him for institutional programs such as drug and alcohol counseling, as well as transfer to a halfway house. Such ineligibility does not result in shortening the duration of Petitioner's confinement, but rather merely results in a modification of the conditions and location of such confinement. See Richmond v. Scibana, 387 F.3d 602, 606 (7th Cir. 2004) (holding that § 2241 is not appropriate vehicle for challenge to BOP's decision as to where to confine prisoner); cf. Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006) (denying claim for habeas relief brought under 28 U.S.C. § 2254 because, "[w]hen an inmate challenges the 'circumstances of confinement' but not the validity of his conviction and/or sentence, then the claim is properly raised in a civil rights action . . .

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

."). Such allegations do not state cognizable grounds for relief in a § 2241 petition. See Caba v. United States, No. CV 3:10-082, 2010 WL 5437269, at *2 (S.D. Ga. Nov. 30, 2010) *report and recommendation adopted*, No. CV 310-082, 2010 WL 5441919 (S.D. Ga. Dec. 27, 2010) (Bowen, J.) (holding petitioner's challenge to security classification did not state a cognizable ground for relief in a § 2241 petition); Morrison v. Woodring, 191 F. App'x 606 (9th Cir. 2006); Jennings v. Fed. Bureau of Prisons, 344 F. App'x 954, 955 (5th Cir. 2009) (*per curiam*); Pawlik v. Young, No. CIV.A.09-1860, 2010 WL 2428123, at*2-3 (W.D. La. May 19, 2010) *report and recommendation adopted*, No. CIV.A. 09-1860, 2010 WL 2521368 (W.D. La. June 11, 2010).

Even if allegations of an incorrect security classification were cognizable in a § 2241 petition, Petitioner cannot show a violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2241(c)(3). Federal prisoners do not possess a liberty interest in their prisoner classification. Moody, 429 U.S. at 88 n.9. Nor do they possess a liberty interest in institutional programs. Id.; Wottlin v. Fleming, 136 F.3d 1032, 1036 (5th Cir. 1998); Canterino v. Wilson, 869 F.2d 948, 952-54 (6th Cir. 1989) (no liberty interest in inmate classification or eligibility for work programs). Likewise, courts have held that prison officials do not offend equal protection principles by excluding prisoners from such programs, including halfway houses, because of their security classification. See, e.g., McLean v. Crabtree, 173 F.3d 1176, 1186 (9th Cir. 1999). Additionally, a prisoner does not possess a constitutional right to be placed, or not to be placed, in a particular prison facility. See McKune v. Lile, 536 U.S. 24, 39 (2002); Meachum v. Fano, 427 U.S. 215, 225 (1976); Fox v. Circuit Court of Tenth Judicial Circuit, No. CV

109-037, 2009 WL 2135803, at *2 (S.D. Ga. July 16, 2009). Therefore, the instant petition is also deficient in that it fails to set forth allegations capable of giving rise to a violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2241.

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that the General Counsel of the Federal Bureau of Prisons be **DISMISSED** from this case, the petition be **DISMISSED**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 10th day of July, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA